CITY OF LAREDO, Appellant,

v.

Leticia NUNO, et al., Appellees.

No. 04–02–00409–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 27, 2002.

Albert Lopez, Lopez & Smith, P.C., San Antonio, for appellant.

Ronald A. Ramos, Law Offices of Ronald A. Ramos, P.C., San Antonio, for appellees.

Rogelio G. Rios, Jr., Laredo, for other interested parties.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

The City of Laredo appeals the trial court's order denying its plea to the jurisdiction. The City contends that the trial court erred in denying its plea because its governmental immunity was not waived. We reverse the trial court's order and dismiss the claims against the City.

## BACKGROUND

The underlying lawsuit arises out of actions taken during Leticia Nuno's arrest. Leticia's sister, Maria De Lourdes Nuno, and minor daughter, Kristel Nuno, were passengers in the car at the time of Leticia's arrest. Leticia, individually and as next friend of Kristel, and Maria filed the underlying lawsuit against the City, Officer Jesus Soliz, Jr., six unidentified officers, the current chief of police (Agustin Dovalina, III), and the former chief of police (Jose Luis Martinez). In a separate criminal action, Soliz was convicted of official oppression for his actions.

The Nunos' petition and the statements Leticia and Maria gave to the police state that the Nunos were traveling on San Bernardo around 10:00 p.m. As they approached a heavily congested area, Leticia turned onto Sherman Street and into an Auto Zone parking lot. Upon entering the parking lot, Leticia saw a police officer giving a traffic ticket to another driver. As Leticia began to back up, Soliz motioned her across the parking lot. Leticia drove over to Soliz, and Soliz gave Leticia a ticket for driving through the parking lot. Leticia then began to follow the driver of the other vehicle that was ticketed to the exit onto San Bernardo Street. Soliz ran to Leticia's vehicle, banged on it, and ordered her to stop. Soliz's actions dented the vehicle. Soliz ordered Leticia not to use that exit and to stop.

Leticia pulled onto a side street and stopped. As Leticia began to exit her vehicle, Soliz dragged her from the vehicle, threw her against the side, hit her in the back with his handcuffs, and kicked her on the legs. Soliz also hit Leticia's face against the car and used a lot of profanity. Soliz grabbed Leticia's breasts and was "rubbing his private part against [her] behind." Kristel started crying and screaming. Soliz incorrectly applied the handcuffs, resulting in the handcuffs slipping off Leticia's wrist. Soliz then applied the handcuffs to Leticia's wrist and leg. Soliz forced Leticia into the police vehicle, causing her additional injuries, and Soliz impounded Leticia's car.

The petition states that six other unidentified officers were present on the scene and negligently failed to act. In her statement, Leticia stated that six other police

officers at the scene observed Soliz's actions. One officer told Soliz to "take it easy." The officer told Leticia that he did not know what she had done to upset Soliz. Maria also stated that other police officers at the scene were standing by and watching how violent Soliz was acting.

The Nunos asserted negligence and gross negligence claims against the City. Specifically, the Nunos pleading alleged that the City was liable for the following negligent acts:

1. Soliz's failure to properly apply the handcuffs used in Leticia's arrest;

2. Soliz's failure to properly place Leticia in the police vehicle;

3. Soliz's failure to properly apply the laws in impounding Leticia's vehicle;

4. Soliz's assault of Leticia;

5. Soliz's negligence in arresting and physically injuring Leticia in front of Kristel and Maria;

6. Soliz's negligent indifference in leaving Kristel and Maria stranded without a means to return home;

7. The six unidentified police officers' negligent indifference to the physical safety of the Plaintiffs, the misuse of property in the arrest of Leticia, the abandonment of Kristel and Maria, and the impoundment of Leticia's vehicle;

8. The six unidentified police officers' breach of their duty to arrest Soliz at the scene of Leticia's arrest; and

9. The City's negligent failure to investigate complaints against Soliz.

In its plea to the jurisdiction, the City contended that the Nunos' claims are actually intentional tort claims barred by the Texas Tort Claims Act. In the alternative, the City asserted that the claims are barred because the injuries were not caused by "a condition or use of tangible personal or real property" or the "opera-tion or use of a motor-driven vehicle or motor-driven equipment." The City further asserted that the Nunos were attempting to circumvent the intentional tort exception of the Act by pleading that intentional tort actions were performed negligently. The City attached the jury charge in which Soliz was found guilty of official oppression for the actions he took in arresting Leticia. The City also attached the statements made by Leticia and Maria to the police regarding the incident. Finally, the City attached this court's earlier opinion, asserting that the City was immune from the failure to investigate claim because the police chiefs were found to be immune. The Nunos did not file a response. The trial court denied the City's plea, and the City timely appealed.

## STANDARD OF REVIEW

A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed de novo. *Herring v. Welborn,* 27 S.W.3d 132, 136 (Tex.App.-San Antonio 2000, pet. denied); *Rylander v. Caldwell,* 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Ind. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). "The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Id.*

## DISCUSSION

The Texas Tort Claims Act ("Act") creates a limited waiver of sovereign immunity; however, the waiver of immunity contained in the Act does not extend to claims arising out of intentional torts. *See Medrano v. City of Pearsall,* 989 S.W.2d 141, 144 (Tex.App.-San Antonio 1999, no pet.); TEX. CIV. PRAC. & REM.CODE

ANN. § 101.057(2) (Vernon 1997). Although a governmental unit is immune from claims arising out of intentional torts, an injured party may still pursue a separate negligence claim arising out of the same facts. *Young v. City of Dimmitt,* 787 S.W.2d 50, 51 (Tex.1990); *Medrano,* 989 S.W.2d at 144. "[W]here the focus of a party's claim is on the governmental unit's negligent conduct, not the intentional conduct of its employee, the claim will not be said to arise out of the intentional tort." *Medrano,* 989 S.W.2d at 144. However, the intentional tort exception cannot be circumvented merely by alleging that the governmental unit was negligent in supervising the employee-tortfeasor. *Delaney v. Univ. of Houston,* 835 S.W.2d 56, 60 (Tex.1992); *Medrano,* 989 S.W.2d at 144.

The focus of several of the claims asserted by the Nunos is on Soliz's intentional tortious conduct despite the Nunos' efforts to phrase the claims in terms of negligence. For example, Soliz's failure to properly apply the handcuffs and failure to properly place Leticia in the police vehicle are based on Soliz's intentional tortious act of using excessive force to arrest Leticia. In addition, Soliz's failure to properly apply the laws in impounding Leticia's vehicle and his negligent indifference in leaving Kristel and Maria stranded relate to his intentional decision to illegally seize Leticia's car. *See Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001) (holding claim that officer was negligent in ignoring police procedure was an intentional act). Furthermore, the assault of Leticia and Soliz's actions in arresting and injuring Leticia arise from Soliz's intentional tortious conduct.

■ Although the actions or omissions of the unidentified police officers might have given rise to a separate negligence claim, immunity is only waived under the Act for three specific areas of liability: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal property; and (3) claims arising from premises defects. *Medrano,* 989 S.W.2d at 144. The claims regarding the negligent indifference of the unidentified police officers and their failure to arrest Soliz do not fit within any of these areas.

■ Finally, the Nunos assert that the City was negligent in failing to investigate complaints against Soliz. In *Dovalina v. Nuno,* we held that the police chiefs responsible for any such investigation were immune from the Nunos' claim. 48 S.W.3d 279 (Tex.App.-San Antonio 2001, no pet.). A governmental unit is immune from suit if its employee has no liability because of official immunity. *DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995). The Nunos refer to Soliz's failure to assert official immunity; however, the Nunos cannot contend that the City was negligent for Soliz's failure to investigate because Soliz was not responsible for investigating his own alleged wrongful acts.

The Nunos allude to a claim for negligently implementing the policy of handing out citations in the Auto Zone parking lot, which they refer to as the "San Bernardo detail." The Nunos also refer to a claim that the City negligently implemented its policies by failing to train and supervise the officers regarding the "San Bernardo detail." First, these claims are not included in the petition. Second, the Nunos do not set forth any specific policy that they claim was negligently implemented. The Nunos cannot circumvent the intentional tort exception without specific factual allegations to support the existence or formulation of the policy they claim was negligently implemented. *See Medrano,* 989 S.W.2d at 144–45; *cf. City of San Augustine v. Parrish,* 10 S.W.3d 734, 740 (Tex.

App.-Tyler 1999, pet. dism'd w.o.j.) (upholding claim for negligent implementation of policy where plaintiffs complained that a police officer was negligent in carrying out policies set forth in a police department manual).

The Nunos also contend that their claims arise out of the operation or use of a motor vehicle. First, the use of the motor vehicle was in furtherance of Soliz's tortious acts. Second, to the extent Leticia was injured while being placed in the police vehicle, the vehicle did no more than furnish the condition that made the injury possible. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339 (Tex.1998).

This case is similar to the Texas Supreme Court's recent decision in *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575 (Tex.2001). In that case, Petta sued a DPS trooper, Rivera, asserting various claims relating to actions Rivera took in attempting to arrest Petta. *Id.* at 577. The result of the actions taken is different because in that case Petta was convicted of fleeing or attempting to elude a police officer; however, the analysis with regard to Petta's claims against the Texas Department of Public Safety is similar. *See id.* at 576. Petta asserted that the Department was liable for the injuries caused by Rivera's wrongful acts and negligence during the traffic stop and subsequent chase on the grounds that the Department negligently trained and supervised Rivera. *Id.* at 577. In analyzing this claim, the court noted that the conduct Petta complained of was the same conduct that formed the basis of her assault and battery claim against Rivera. *Id.* at 580. After acknowledging that immunity is waived with regard to a claim that an officer negligently carried out governmental policy, the court held that Petta did not allege facts demonstrating that Rivera negligently im-

plemented policy. *Id.* The court reasoned: "To support her negligence claim, Petta alleges that Rivera negligently ignored police procedure by continuing the pursuit, and that Rivera negligently ignored an order not to shoot at her car. But these too are intentional rather than negligent acts, and thus do not fall within the waiver of sovereign immunity." *Id.*

### CONCLUSION

Because the City's governmental immunity was not waived with regard to the claims asserted by the Nunos, the trial court's order is reversed and the claims against the City are dismissed.