Opinion issued January 20, 2005
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00772-CV




HARRIS COUNTY, TEXAS, Appellant

V.

JUAN LUIS CABAZOS, JR., Appellee




On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2001-41548




O P I N I O N
          This is an accelerated appeal from the trial court’s order, denying appellant,
Harris County, its plea to the jurisdiction on the grounds of governmental immunity. 
Appellee, Juan Luis Cabazos, Jr., filed a negligence action against Harris County and
Sheriff Deputy Matthew Haynes under the Texas Tort Claims Act for injuries
appellee sustained from a gunshot fired by Haynes. On appeal, the issue is whether
the trial court erred in denying appellant’s plea to the jurisdiction. We reverse. 
BACKGROUND
          On October 27, 2000, Harris County Sheriff Deputy Matthew Haynes saw
appellee make an illegal turn and attempted to pull him over. Appellee failed to stop,
and a short chase ensued with appellee driving at a high rate of speed through
neighborhoods and a shopping mall area, where he struck a car before he missed a
turn and crashed into a ditch. Haynes pulled up behind appellee’s vehicle, got out of
his patrol car, and walked toward the driver’s side door of appellee’s vehicle with his
pistol drawn. Beverly Ewer, an eyewitness, testified under oath that Haynes, with
both hands on the pistol, put his pistol in the driver’s side window before shooting
appellee. 
          Appellee subsequently pleaded guilty to evading arrest in a separate criminal
action and then filed suit in federal court against Harris County and Haynes pursuant
to 42 United States Code section 1983, but that suit was remanded. See 42 U.S.C.A.
§ 1983. Appellee filed suit in state court, alleging that Harris County is liable for
Haynes’ actions under the doctrine of respondeat superior.


 Moreover, appellee
alleged that Harris County negligently implemented policies and procedures for the
arrest of a suspect, and that Haynes negligently discharged his pistol to assault
appellee and negligently effectuated appellee’s arrest while acting in bad faith. 
Appellee argues that these actions preclude Harris County from entitlement to
immunity. However, Haynes was never served with process and, therefore, is not a
party to this suit. 
          On December 19, 2002, Harris County filed a plea to the jurisdiction. On June
30, 2003, the trial court signed an order denying Harris County’s plea. This appeal
followed. 
Discussion 
          In its sole issue presented, appellant challenges the trial court’s denying its plea
to the jurisdiction.
Standard of Review
            A plea to the jurisdiction challenges the trial court’s subject matter jurisdiction
to hear the case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
Subject matter jurisdiction is essential to the authority of a court to decide a case and
is never presumed. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-
44 (Tex. 1993). The plaintiff has the burden to allege facts affirmatively
demonstrating that the trial court has subject matter jurisdiction. Id. at 446;
Richardson v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967). 
            The existence of subject-matter jurisdiction is a question of law. State ex rel.
State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Therefore,
we review de novo the trial court’s ruling on a plea to the jurisdiction. Id. In
deciding a plea to the jurisdiction, a court may not consider the merits of the case, but
only the plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry. 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
Immunity
          Under the doctrine of sovereign immunity, a governmental entity cannot be
held liable for the actions of its employees unless there is a constitutional or statutory
provision waiving such immunity. See City of Amarillo v. Martin, 971 S.W.2d 426,
427 (Tex. 1998). Sovereign immunity can be waived only through the use of clear
and unambiguous language. County of Cameron, 80 S.W.3d at 554; Univ. of Tex.
Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); City of Houston v. Rushing,
7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). The Texas
Legislature enacted the Texas Tort Claims Act (“TTCA”) to waive sovereign
immunity in certain limited circumstances. See Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). The TTCA
provides as follows
                    A governmental unit in the state is liable for:(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of
employment if: 
(A) the property damage, personal injury, or death
arises from the operation or use of a motor-driven
vehicle or motor-driven equipment; and 
(B) the employee would be personally liable to the
claimant according to Texas law; and 
(2) personal injury and death so caused by a condition or
use of tangible personal or real property if the
governmental unit would, were it a private person, be liable
to the claimant according to Texas law. 
 
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). A county, such as
Harris County, as a political subdivision of the State, falls within the parameters of
the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon Supp.
2004-2005).
            For a governmental entity such as Harris County to be held liable for the acts
of its employee under the TTCA, (1) the claim must arise under one of the three
specific areas of liability listed in section 101.021 (property damage, personal injury,
and death); and (2) the claim must not fall within an exception to the waiver of
sovereign immunity. See Scott v. Prairie View A & M Univ., 7 S.W.3d 717, 719 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied); City of Hempstead v. Kmiec, 902
S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). The applicable
exceptions to the waiver of sovereign immunity are found in section 101.057 of the
Texas Civil Practice and Remedies Code, which providesThis chapter [waiving sovereign immunity] does not apply
to a claim: (1) based on an injury or death connected with any
act or omission arising out of civil disobedience,
riot, insurrection, or rebellion; or 
(2) arising out of assault, battery, false
imprisonment, or any other intentional tort,
including a tort involving disciplinary action by
school authorities.
 
Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997) (emphasis added). 
Thus, a governmental entity does not waive its sovereign immunity to a party’s claim
for personal injury or death if that claim arises out of an intentional tort. See Morgan
v. City of Alvin, No. 01-02-01212-CV, 2004 WL 2005968, at * 5 (Tex.
App.—Houston [1st Dist.] Sept. 9, 2004, no pet.); Scott v. Prairie View A & M Univ.,
7 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Although a
governmental unit is immune from claims arising out of intentional torts, an injured
party may still pursue a separate negligence claim arising out of the same facts. 
Young v. City of Dimmitt, 787 S.W.2d 50, 51 (Tex. 1990) (“Although a governmental
unit is immune from claims arising out of intentional torts, petitioners’ negligent
employment and entrustment claims arise out of the alleged negligence of the city
employees supervising the officer, not out of the officer’s intentional tort.”) (citations
omitted). However, the intentional tort exception cannot be circumvented merely by
alleging that the governmental unity was negligent in supervising the employee-tortfeasor. Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992). 
Parties’ Contentions
                              In his pleadings, appellee alleged that the court has jurisdiction over these
claims under the TTCA because (1) the TTCA waives governmental immunity for
personal injury caused by a state employee’s negligent use of governmental property; 
(2) Deputy Haynes is not entitled to official immunity for his bad faith acts of
negligence, and (3) Harris County is liable for Haynes’ actions under the doctrine of
respondeat superior and appellee alleges that Harris County is liable for negligent
supervision of Haynes. Employees of governmental units are entitled to official
immunity solely for actions or omissions arising out of the performance of
discretionary duties, in good faith, and when the employee is acting within the scope
of his or her authority. See City of Lancaster v. Chambers, 883 S.W.2d 650, 653
(Tex. 1994). Although appellee concedes that Haynes was performing a discretionary
duty for Harris County, appellee contends Haynes acted in bad faith when he
negligently discharged his pistol and negligently effectuated the arrest of appellee,
and, therefore, Haynes is not entitled to official immunity; since Haynes has no
official immunity, Harris County is liable for his negligent actions under the doctrine
of respondeat superior. Moreover, appellee alleged that Harris County acted
negligently in implementing its policies and procedures by failing to adequately train
and supervise Haynes, whose negligence was a proximate cause of appellee’s injuries.
 Finally, appellee argues that Harris County is not protected by the exception to the
waiver of sovereign immunity under TTCA for intentional torts. Rather, Haynes
negligently shot appellee; he negligently used his pistol; he failed to properly use his
patrol car to box in appellee, and he negligently endangered appellee and those
people in the vicinity. 
                              In its plea to the jurisdiction, Harris County alleges, first, that appellants failed
to circumvent the intentional tort exclusion of the TTCA, section 101.057(2). See
Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997). Because claims
arising out of intentional torts committed by government employees are barred as a
matter of law, Harris County contends that it is immune from appellee’s claims,
which allege what are actually intentional tort claims despite appellee’s efforts to
mask the claims in terms of negligence.


 Harris County further alleged that appellee
cannot circumvent the intentional tort exclusion by alleging that the governmental
unit, Harris County, was negligent in supervising the employee-tortfeasor, Haynes. 
See Delaney, 835 S.W.2d at 60. Citing Texas Department of Public Safety v. Petta,
44 S.W.3d 575, 580 (Tex. 2001), Harris County argues that its sovereign immunity
was not waived by appellee’s claim that Haynes negligently ignored police procedure
and policies in his pursuit of appellee or his shooting of appellee because such acts
are intentional acts.


 Finally, Harris County alleged that even if appellee’s claims are
not for intentional torts, his claims are barred because his injuries were not caused by
“a condition or use of tangible personal or real property.” See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2) (Vernon 1997). Rather, Harris County argues that the
pistol used by Haynes was used in furtherance of his tortious acts as alleged by
appellee and did no more than furnish a condition that made the injury possible. See
City of Laredo v. Nuno, 94 S.W.3d 786, 790 (Tex. App.—San Antonio 2002, no pet.)
(citing Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d
339 (Tex. 1988)). 
                              Therefore, the first question for this Court is whether appellee’s injuries were
proximately caused by Haynes’ intentional tort or by his negligence. 
Intentional Tort Exclusion 
                                    While the TTCA waives the sovereign immunity of a governmental entity for
personal injury and death arising out of the use of tangible personal property, it
specifically excludes waiver of immunity for a claim “arising out of assault, battery,
false imprisonment, or any other intentional tort.” See Tex. Civ. Prac. & Rem. Code
Ann. §§ 101.021(2), 101.057(2). Here, Harris County claims that it has immunity
because Haynes’ actions were intentional and appellee has failed to circumvent the
intentional tort exclusion. Appellee, on the other hand, contends that the intentional
tort exception does not apply because appellant’s injuries were proximately caused
by Haynes’ negligent performance of his official duties. Citing Delaney, 835 S.W.2d
at 60, appellee claims that the intentional tort exception of TTCA cannot be read so
broadly as to except from the waiver of immunity any claim for injuries resulting
from an intentional tort when negligent and intentional acts both contribute to the
occasion of injury.
                                    In Delaney, the Texas Supreme Court held that a negligence action by a rape
victim against a public university was not barred by sovereign immunity where the
plaintiff’s cause of action was based on the university’s alleged failure to provide her
a secure residence and to fix a broken lock. Id. The supreme court noted that section
101.057(2) of the TTCA precludes the extension of the TTCA’s waiver of immunity
to claims “arising out of assault, battery, false imprisonment, or any other intentional
tort.” Id. at 59. However, it stated that the phrase “arising out of” in section
101.057(2) requires a certain nexus for the provision to apply; that nexus is between
the claim and an intentional tort, and the intentional tortfeasor must be the
governmental employee whose conduct is the subject of complaint. Id. In that case,
the intentional tortfeasor, the rapist, was not the governmental employee whose
conduct was the subject of Delaney’s claims against the university. Distinct
negligence claims that focus on the actions of the governmental defendant are not
barred. Id. 
                                    Here, the gravamen of appellee’s claim is that a Harris County sheriff
wrongfully shot appellee. Thus, in contrast to Delaney, the tortfeasor is the
governmental employee whose conduct is the subject of the complaint, thereby
satisfying section 101.057(2)’s requirement of a nexus between appellee’s claims
against Harris County and the intentional tort. If a plaintiff pleads facts which
amount to an intentional tort, no matter if the claim is framed as negligence, the claim
generally is for an intentional tort and is barred by the TTCA. See Petta, 44 S.W.3d
at 580; Nuno, 94 S.W.3d at 789; Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d
434, 450 (Tex. App.—Fort Worth 2001, no pet.); Medrano v. City of Pearsall, 989
S.W.2d 141, 144 (Tex. App.—San Antonio 1999, no pet.). A plaintiff cannot
circumvent the intentional tort exception by couching his claims in terms of
negligence. See Huong v. City of Port Arthur, 961 F. Supp. 1003, 1008-09 (E.D. Tex.
1997) (plaintiffs cannot circumvent intentional tort exception to waiver of liability
by simply pleading negligence when shooting event upon which they base their
claims is actually intentional tort); Petta, 44 S.W.3d at 580 (plaintiff’s claim that
officer was negligent in ignoring police procedure did not obviate fact that conduct
was intentional; conduct complained of–officers hitting car window, aiming gun,
blocking car in with police cruiser, and firing at car’s tires–was clearly intentional;
despite plaintiff’s claim that injuries were proximately caused by officer’s and
department’s negligence, plaintiff’s allegations fit squarely within section 101.057’s
exclusion); Nuno, 94 S.W.3d at 788 (despite plaintiff’s efforts to phrase claims in
terms of officer’s negligent failure to properly place plaintiff in police vehicle and
negligent indifference of other officers and city, focus of plaintiff’s claims against
city was officer’s intentional tortious acts of using excessive force to arrest plaintiff
and to illegally seize car, and was barred); Medrano, 989 S.W.2d at 144 (where focus
of claim was on officers’ alleged violent and negligent beating of handcuffed driver,
intentional tort exception could not be circumvented merely by alleging negligent
hiring, negligent training, and negligent failure to train). 
                              In this case, appellee alleged in his petition that Haynes was negligent in
discharging his pistol and in effectuating appellee’s arrest, thus injuring appellee. 
Appellee also alleged that Harris County was negligent through implementation of
its policies and procedures by failing to train and supervise Haynes and through the
doctrine of respondeat superior.


 However, despite appellee’s efforts to phrase his
claims in terms of negligence, his focus is on the shooting of appellee. Appellee is
attempting to circumvent the intentional tort exception in the manner expressly
disapproved by the Texas Supreme Court in Delaney. See 835 S.W.2d at 60 (“[T]he
intentional tort exception could not be circumvented merely by alleging that the
government was negligent in supervising the employee-tortfeasor . . . .”); Medrano
v. City of Pearsall, 989 S.W.2d 141, 144 (Tex. App.—San Antonio 1999, no pet.)
(although plaintiffs’ alleging negligent hiring, negligent training, and negligent
failure to train claims against officer who used flashlight to beat a handcuffed
suspect, court found officer acted intentionally and held plaintiffs’ could not
circumvent the intentional tort exception by mere allegations of negligence against
the City). 
                              Despite Haynes’s alleged negligence in shooting appellee, the pleadings and
other evidence pertinent to determining jurisdiction demonstrate that Haynes intended
to shoot appellee. In his petition, appellee pled, “The Plaintiff’s vehicle was stopped
in a ditch, at which point Haynes exited his patrol car, drew his pistol and walked
directly to the driver’s side door of the vehicle occupied by the Plaintiff and shot the
Plaintiff in the neck.” Thus, on appellee’s own recounting, Haynes moved toward
appellee’s vehicle after it had crashed into the ditch, he pulled his pistol as he
approached appellee’s vehicle, and Haynes aimed it at appellee before shooting him. 
Although appellee also pled, “Haynes contends that Plaintiff was attempting to back
over him with his car, that he fired a shot to stop the reverse motion of the car,”
eyewitness Beverly Ewer testified at her deposition, under oath, that Haynes “took
aim because he had both hands on the gun and [his hands] went into the car.” Ewer
further implied that Haynes’s acts were intentional when she denied that Haynes was
merely “standing on the road and firing a shot in the general direction of Mr.
Cabazos’s car.” Thus, both the pleadings and the evidence relevant to the
jurisdictional issue raised demonstrate that Haynes’s acts were intentional torts
intended to cause injury to appellee, not acts of negligence.


 The injuries alleged by
appellee arose out of Haynes’s intentional acts, and not from a distinct act of
negligence by Harris County. The use of Haynes’s pistol, as a consequence of his
intentional tort, cannot be attributed to Harris County as negligence. Because
Haynes’s actions were intentional rather than negligent, they do not fall within the
waiver of sovereign immunity. 
                                           Appellee does not allege an accidental shooting, such as the inadvertent
discharge of the pistol; nor does the pleading and evidence indicate that the shooting
of appellee was anything but intentional. Thus, as in most cases, the intent to injure
can be inferred from the actor’s conduct. Although Haynes may not have intended
his initial action, he did intend the ultimate injury-shooting appellee. See Reed Tool
Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985) (difference between negligence
cause of action and intentional tort is not whether defendant intended the acts, but
whether defendant intended resulting injury). Because the focus of appellee’s claims
is on Haynes’s intentional tortious conduct, Harris County’s immunity is not waived. 
See Nuno, 94 S.W.3d at 789; Medrano, 989 S.W.2d at 141. 
                              After looking to the jurisdictional evidence and allegations, taking them as true,
and construing them in favor of the appellee, we conclude that appellee’s petition
does not present a claim for which immunity is waived by the TTCA. Therefore, the
trial court erred in denying Harris County’s plea to the jurisdiction. We sustain
appellant’s sole issue. 
                                    Because we conclude that Harris County has sovereign immunity under the
intentional tort provision of the TTCA, section 101.057, we do not discuss appellee’s
additional claims.
CONCLUSION
                              We reverse the judgment of the trial court and render judgment granting Harris
County’s plea to the jurisdiction.
 
 
                                                                                  Sherry Radack
                                                                                  Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish.