NO.
12-05-00409-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

VAN ZANDT COUNTY, TEXAS,   §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

EARNEST W. WHITAKER,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                         
  

MEMORANDUM OPINION

            Van Zandt
County appeals the denial of its plea to the jurisdiction.  Earnest W. Whitaker sued Van Zandt County
pursuant to the Texas Tort Claims Act for injuries he allegedly suffered at the
hands of county employees.  In one issue,
the county asserts the trial court erred in determining it had waived sovereign
immunity.  We reverse and render.

 

Background

            On
June 19, 2003, Whitaker was arrested by sheriff’s deputies Jimmy Harris and
George Flowers.  The arrest did not go
smoothly. Harris sued Whitaker for damages he allegedly incurred during the
arrest.  Whitaker filed a counter suit
against the county, alleging he was injured during the arrest.  The county filed a plea to the jurisdiction
claiming sovereign immunity, which the trial court denied.  The county now appeals that ruling.

 

Sovereign
Immunity

            In
its sole issue, the county asserts the trial court erred in overruling its plea
to the jurisdiction because Whitaker has not shown that the county waived
sovereign immunity.  The county contends
that Whitaker’s allegations involve only intentional torts, which are
specifically exempted from the Texas Tort Claims Act and, therefore, do not
trigger its waiver provisions. 
Accordingly, it argues, the trial court lacked jurisdiction over the
claims against it.

 

Applicable
Law

            Immunity
from suit bars an action against the State unless the State expressly consents
to the suit.  Texas Dep’t of Trans.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Since as early as 1847, the law in Texas has
been that absent the State’s consent to suit, a trial court lacks subject
matter jurisdiction.  Id.  The absence of subject matter jurisdiction
may be raised by a plea to the jurisdiction. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Because subject matter
jurisdiction presents a question of law, we review the trial court’s decision
to grant a plea to the jurisdiction de novo. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998).  

            In
reviewing a plea to the jurisdiction, we review the pleadings and any evidence
relevant to the jurisdictional issue.  Texas
Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  The party suing the governmental entity must
establish the State’s consent, which may be alleged either by reference to a
statute or to express legislative permission. 
Jones, 8 S.W.3d at 638. 
In considering the jurisdictional allegations contained in a petition,
they are to be construed liberally in the plaintiff’s favor.  Texas Ass’n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

            The
Tort Claims Act (the “Act”) provides a limited waiver of sovereign immunity in
certain circumstances:

 

A governmental unit
is liable for:

 

(1)           property
damage, personal injury, and death proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment
if: 

 

                                (A)          the property damage, personal injury,
or death arises from the operation or use of a motor-driven vehicle or motor
driven equipment; and

 

(B)          the
employee would be personally liable to the claimant according to Texas law; and

 

(2)           personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.

 

 

Tex. Civ.
Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).  To sue
the State for a tort, the pleadings must state a claim under the Act.  Jones, 8 S.W.3d at 639.  The waiver of immunity contained in the Act
does not extend to claims arising out of intentional torts.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 2005).  However, an injured party may pursue a
separate negligence claim focusing on the governmental entity’s negligent
conduct rather than the intentional conduct of its employee, even if the
negligence claim arises out of the same facts. 
Young v. City of Dimmitt, 787 S.W.2d 50, 51 (Tex. 1990); City
of Laredo v. Nuno, 94 S.W.3d 786, 789 (Tex. App.–San Antonio 2002, no
pet.).

 

Discussion

            In
his First Amended Third Party Claim for Contribution, Whitaker alleged in
paragraph five that Flowers sprayed pepper spray, Harris and Flowers used
excessive force, and the unnecessary aggressive use of handcuffs and pepper
spray constitutes negligence.  In
paragraph six of that document, Whitaker alleged that in implementing the
county’s procedures with respect to the use of handcuffs and pepper spray,
Harris and Flowers were negligent.  In
his First Amended Petition Against Third Party Defendant, Whitaker alleged in
paragraph seven that Harris and Flowers assaulted Whitaker with a club,
handcuffs, and pepper spray.  In
paragraph eight of that document, he alleged that Harris and Flowers were
negligent with respect to the use of the club, handcuffs, and pepper spray.

            The
only use of the club, handcuffs, and pepper spray specifically described in the
petitions is assault.  The specific
conduct, use of these items to arrest Whitaker, is intentional.  Texas Dep’t of Pub. Safety v. Petta,
44 S.W.3d 575, 580 (Tex. 2001); Nuno, 94 S.W.3d at 788-89.  Whitaker’s allegations fit within the Section
101.057 exclusion of claims arising out of intentional torts.  

            We
next consider whether the petitions also allege negligence.  The term “unnecessary aggressive use” does
not describe the specific act to show it is different from the intentional acts
of spraying Whitaker with pepper spray or putting handcuffs on him.  These intentional acts provide the basis for
the allegation that the deputies committed the intentional tortious act of
using excessive force to arrest Whitaker. 
See Nuno, 94 S.W.3d at 789.  While it may be possible to negligently use
these items during the course of an arrest, these petitions do not describe
negligent acts.  They  describe the intentional act of assault.  Whitaker’s claim for negligent implementation
of county procedures likewise alleges the same intentional acts.  See Petta, 44 S.W.3d at 580.  The focus of the claims is on the officers’
intentional tortious conduct despite Whitaker’s efforts to phrase the claims in
terms of negligence.  Whitaker’s
allegations do not fall within the waiver of sovereign immunity.  See id.; City of Garland
v. Rivera, 146 S.W.3d 334, 338 (Tex. App.–Dallas 2004, no pet.).  Because Whitaker did not meet his burden to
show immunity has been waived, the trial court erred in denying the county’s
plea to the jurisdiction.  We sustain the
county’s issue.

 

Conclusion

            Whitaker
alleged only claims based on intentional acts against which governmental units
retain their immunity.  Because the trial
court erred in denying the county’s plea to the jurisdiction, we reverse and
render judgment granting the plea to the
jurisdiction and dismissing Whitaker’s suit against the county
for want of jurisdiction.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

(PUBLISH)