

# NUMBER 13-09-00205-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

**CITY OF CORPUS CHRISTI,**                                    **Appellant,**

**v.**

**DR. ANTHONY EBY, INDIVIDUALLY AND AS
NEXT FRIEND OF MARY V. EBY, A MINOR,
AND JESSICA FRENCHAK,**                                       **Appellees.**

---

### On appeal from County Court at Law No. 1
### Nueces County, Texas

---

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, the City of Corpus Christi (the "City"), brings this accelerated

interlocutory appeal following the trial court's denial of the City's plea to the jurisdiction

and motion to dismiss its police officer, Jerry Vesely ("Vesely").[1]  By five issues, the City asserts:  (1) the trial court erred in denying its plea to the jurisdiction; (2) the trial court erred in denying its motion to dismiss Vesely under Texas Civil Practice and Remedies Code section 101.106(e); (3) the filing of a lawsuit by a governmental employee, in his individual capacity, does not waive governmental immunity and make the governmental entity susceptible to a third-party action; (4) the filing of a lawsuit by a governmental employee does not foreclose the applicability of section 101.106 in the employee's individual and/or official capacity; and (5) there is no waiver of immunity under Civil Practice and Remedies Code section 101.021 for impounding a vehicle.  We reverse the trial court's orders and render judgment dismissing the claims against the City and Vesely.

## I.  BACKGROUND

Jerry Vesely, a Corpus Christi police officer, sued appellee Anthony Eby for defamation for allegedly reporting to news-gathering agencies that Vesely attempted to steal his car.  Anthony Eby joined by his daughter, Mary V. Eby, a minor, and his step-daughter, Jessica Frenchak (collectively "Eby"), filed counterclaims against Vesely and brought a third-party action against the City and Sergeant Michael Frakes of the Corpus Christi Police Department ("Sgt. Frakes").[2]  With the exception of a claim that the City was negligent in its supervision of Vesely, Eby's claims against Vesely and the City are essentially identical.  Eby alleged causes of action against the City and Vesely for conversion, theft, negligent violation of constitutional property rights, intentional and

---

[1]  Although the City complains that the trial court erred in denying its motion to dismiss Officer Vesely, no notice of appeal has been filed on his behalf, and he is not a party to this appeal.
[2]  Sgt. Frakes, the other third-party defendant, is not a party to this appeal.

negligent infliction of emotional distress, false imprisonment, malicious prosecution, conspiracy, and participatory liability.

Eby alleged the following facts in his first amended petition: Jessica was driving to church with her stepsister, Mary, but was stopped and confronted by Sgt. Frakes in the church parking lot; Sgt. Frakes told Jessica the car was stolen and that there was something wrong with it. According to the petition, Sgt. Frakes contacted Vesely, who stated he had been looking for the vehicle for some time and that the vehicle contained stolen parts and should be impounded.

Eby pleaded further that Lela Eby, Anthony Eby's wife, told Sgt. Frakes the family had owned the vehicle for three years and that she would bring a certificate of title to prove ownership. Sgt. Frakes allegedly impounded the vehicle and left the children in the church parking lot. Eby alleged Eby's attorney left messages for Vesely and hand delivered a letter to Vesely stating the City had erred and should release the car because it was neither reported stolen nor stolen. According to Eby, Vesely did not respond to the phone calls and letter. After Eby's counsel contacted the City's attorney, the City's attorney allegedly instructed personnel at the impound lot to release the car. But according to Eby's pleading, Vesely was present at the impound lot and refused to allow Eby to take the car until the City's attorney intervened in person.

The City filed its plea to the jurisdiction based on governmental immunity and the failure to allege a waiver of governmental immunity. The City filed its motion to dismiss Vesely and Sgt. Frakes based on Texas Civil Practice and Remedies Code section 101.106(e). The trial court denied the City's plea to the jurisdiction, and the City's

3

motion to dismiss Vesely, but granted the City's motion to dismiss Sgt. Frakes. This appeal followed.[3]

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cameron County, Tex. vs. Ortega*, 291 S.W.3d 495, 497 (Tex. App.—Corpus Christi 2009, no pet.). Subject matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *See Miranda*, 133 S.W.3d at 228 (Tex. 2004); *Ortega*, 291 S.W.3d at 497.

A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *State of Tex. Parks & Wildlife Dept. v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). In deciding a plea to the jurisdiction, a court may not weigh the merits of the causes of action, but must consider only the plaintiff's pleadings and any evidence in the record pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002*)*; *City of Laredo v. Nuno*, 94 S.W.3d 786, 788 (Tex. App.—San Antonio 2002, no pet.). The appellate court must examine the pleader's intent and construe the pleading in the plaintiff's favor. *Brown*, 80 S.W.3d

---

[3] On appeal, the City has filed a motion for submission. We hereby grant the City's motion, effective March 3, 2011, the date this case was submitted on appeal. We also note that Eby has not filed an appellees' brief in this case. As a result, we accept as true the City's statement of facts supported by record citations. *See* TEX. R. APP. P. 38.1(g).

4

at 555; *Ramirez,* 74 S.W.3d at 867. However, a plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez,* 74 S.W.3d at 867.

## III.  DISCUSSION

By its first, third, and fifth issues, the City argues the trial court erred by denying its plea to the jurisdiction and that Vesely's suit against Anthony Eby for alleged defamation did not waive its immunity from suit. We agree.

### A.  The City's Immunity Was Not Waived

Lawsuits against the government generally hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity protects municipalities from lawsuits for money damages. *Id.* Legislative enactments determine the extent to which immunity has been voluntarily relinquished. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 695 (Tex. 2003).

The Texas Tort Claims Act (the "Act") provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023 (West 2005). As it pertains to the issues on appeal, the Act waives governmental immunity from suit to the extent that liability arises from the use of a motor-driven vehicle or motor-driven equipment. *Id.* § 101.021. The Act does not waive immunity for claims arising from any intentional tort. *Id.* § 101.057 (West 2005). In determining whether a plaintiff's claims are barred by immunity, we look to the substance of the claims alleged because governmental

5

immunity cannot be circumvented by artful pleading. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 577 & 580 (Tex. 2001); *Harris County v. Cabazos*, 177 S.W.3d 105, 111-12 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992)).

Eby conceded in the trial court that the City is a governmental unit. Eby's claims all seek money damages for Vesely's actions of impounding the car and leaving Mary and Jessica stranded in a parking lot. Eby pleaded these claims as conversion, false imprisonment, and intentional infliction of emotional distress, which are intentional torts, and then couched the same claims in terms of other causes of action such as negligent supervision on the part of the City, conspiracy, theft, a violation of article 1, section 19 of the Texas Constitution, and negligent infliction of emotional distress. In Eby's response to the City's plea to the jurisdiction, Eby also characterized their claims as alleging that Vesely committed an ultra vires act.

In substance, all of Eby's claims against Vesely and the City are for intentional torts and so Eby has failed to demonstrate a waiver of the City's immunity from suit. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (listing "false imprisonment" and "any other intentional tort" as outside the scope of the Act's waiver of governmental immunity); *Hardin County Sheriff's Dep't. v. Smith*, 290 S.W.3d 550, 552 (Tex. App.—Beaumont 2009, no pet.) (holding intentional infliction of emotional distress is an intentional tort); *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding conversion is an intentional tort). A police officer's act of improperly impounding a vehicle involves intentional tortious conduct and the Legislature has not waived governmental immunity from suit even if the

6

same claim is characterized in terms of the City's alleged failure to investigate or supervise an employee-tortfeasor. *See Petta*, 44 S.W.3d at 577-80; *Nuno*, 94 S.W.3d at 789-90. Improper impounding is not a claim that arises from the operation or use of a motor vehicle when, as here, there is no showing that the alleged injury was actually caused by use or operation of the vehicle; mere involvement of a car does not give rise to a waiver of immunity. *Nuno*, 94 S.W.3d at 789-90; *see also City of El Campo v. Rubio*, 980 S.W.2d 943, 946 (Tex. App.—Corpus Christi 1998, pet. dism'd); *City of Sugarland v. Ballard*, 174 S.W.3d 259, 265-66 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Eby's allegations that Vesely violated article 1, section 19 of the Texas Constitution and that Vesely committed an ultra vires act by impounding the car fail to support a waiver of the City's immunity. Artful pleading may not be used to disguise damage claims as claims that support a waiver of immunity. *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007). A claim that a public employee committed an ultra vires act may not be brought for monetary damages. *See id.*; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 374 (Tex. 2009). Likewise, a claim alleging a violation of article 1, section 19 of the Texas Constitution may not be brought for monetary damages. *Nueces County v. Ferguson*, 97 S.W.3d 205, 221-22 (Tex. App.—Corpus Christi 2002, no pet.). Eby seeks only monetary relief against Vesely and the City. The substance of the constitutional and ultra-vires-act allegations is that Vesely impounded the car and left Mary and Jessica stranded in the parking lot. As a result, Eby's constitutional and ultra-vires-act allegations do not support the conclusion that the City waived its immunity.

7

The trial court erred in denying the City's plea to the jurisdiction because even after amending the claims, Eby did not demonstrate a waiver of immunity. We sustain the City's first and fifth issues on appeal.

**B. Vesely's Suit Against Anthony Eby Did Not Waive the City's Immunity**

While Texas courts have long held that a governmental entity waives immunity by filing suit on an affirmative claim, Vesely's individual lawsuit against Anthony Eby did not waive the City's immunity from suit. *See Reata Constr. Corp.*, 197 S.W.3d at 375-76. When a city initiates suit and is subject to a counterclaim, its affirmative waiver of immunity by filing suit applies to defenses and counterclaims connected to, germane to, or properly defensive to the matters on which the city based its affirmative claim for damages. *Id.* at 377. The waiver extends only so far as any recovery on the counterclaims would offset the governmental entity's recovery on its claims. *Id.* at 377-78. If the governmental entity does not receive any monetary relief in the suit, there is no waiver of immunity from suit because there is no recovery that can be offset. *Kansas City S. v. Port of Corpus Christi Auth.*, 305 S.W.3d 296, 309 (Tex. App.—Corpus Christi 2009, pet. denied). The rationale for finding a waiver of immunity is that the interest in protecting the government from the cost of suit does not apply to the extent the government has assumed the cost of suit by initiating litigation. *See Reata Constr. Corp.*, 197 S.W.3d at 376-77.

Vesely's suit against Anthony Eby did not waive immunity because the City did not assume the burden of litigating Vesely's lawsuit and the City would not be awarded damages even if Vesely prevailed in his defamation lawsuit against Anthony Eby. There are no pleadings or evidence in the record that show the City assumed the

8

burden of initiating Vesely's suit. Rather, the record shows that Vesely individually filed suit against Anthony Eby with retained counsel, Eric Perkins. In his petition against Anthony Eby, Vesely sought monetary relief for himself, not the City. As a counter-defendant answering Eby's counterclaims, Vesely was represented by separate counsel, Phillip A. McKinney.[4] Under these facts, we hold that Vesely's suit against Anthony Eby did not waive the City's immunity from suit. *See id.*; *Kansas City S.*, 305 S.W.3d at 309.

Further, a peace officer's authority, as defined by statute, does not extend to filing a defamation lawsuit to recover monetary damages for himself. *See* TEX. CODE CRIM. PROC. ANN. art. 2.13 (West 2005) (stating general duties and powers of peace officers). The essence of a defamation cause of action is to redress injury to *personal* reputation. *Montemayor v. Ortiz*, 208 S.W.3d 627, 651 n.17 (Tex. App.—Corpus Christi 2006, pet. denied) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.,* 749 S.W.2d 762, 766 (Tex. 1987)). On the face of Vesely's original petition, he brought suit in his individual capacity alleging injury to his own reputation, not that of the City or its police department. Though he states in his petition that he is a police officer and alleges his professional reputation has been injured, the record contains no pleading or evidence that shows Vesely possessed actual or apparent authority to file suit in his official capacity or on behalf of the City. Accordingly, we find Vesely's individual act of suing Anthony Eby did not waive the City's governmental immunity from suit. We sustain the City's third issue.

---

[4] On appeal, McKinney has filed an amicus curiae brief on behalf of Vesely in Vesely's official capacity as a police officer. McKinney states in his brief that the City is paying for the preparation of the amicus brief.

9

### C. The City's Motion to Dismiss Vesely

By its second and fourth issues, the City argues the trial court erred in denying its motion to dismiss Vesely filed pursuant to Civil Practice and Remedies Code section 101.106(e). We agree.

Generally, we review a trial court's ruling on a motion to dismiss for an abuse of discretion. *Am. Transitional Care. Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). However, the proper standard of review is not necessarily determined by the type of motion to which the trial court's order pertains, but rather by substance of the issue to be reviewed. *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2009) (holding that to determine proper standard of review, a court must determine whether the issue is a question of law or fact). The City's motion to dismiss Vesely raised an immunity issue under section 101.106(e) of the Texas Tort Claims Act. *See Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). If immunity applies, the trial court lacks subject matter jurisdiction over the case. *Id.* (citing *Miranda*, 133 S.W.3d at 224, 226). Subject matter jurisdiction is a question of law which we review de novo. *Id.* Likewise, we review de novo matters of statutory construction. *Id.* (citing *City of San Antonio v. Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)).

Section 101.106 is an election-of-remedies provision in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. ANN. § 101.106 (West 2005). Section 101.106 forces a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and

10

alternative theories of recovery. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Subsection (e) provides that when both a governmental unit and its employee are sued under the Texas Tort Claims Act, the employee "shall" be dismissed immediately on the governmental unit's filing of a motion [to dismiss]. TEX. CIV. PRAC. & REM. § 101.106(e). Subsection (e) imposes a mandatory duty to dismiss upon a governmental unit's filing of the appropriate motion. *See id.*; *Villasan v. O'Rourke*, 166 S.W.3d 752, 762-63 (Tex. App.—Beaumont 2005, pet. denied).

Even an assertion by a plaintiff that it sued a government employee in his individual capacity and not his official capacity does not bar dismissal of the employee under subsection (e), when, as here, the suit against the governmental entity and the employee involve the same subject matter. *Tex. Bay Cherry Hill v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.). A plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually because the decision regarding whom to sue has irrevocable consequences. *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 657.

Eby filed suit against Vesely and the City by their counterclaim and third-party action, respectively. *See generally* TEX. R. CIV. P. 97 (setting forth parameters of counterclaims and third-party actions, respectively, in Texas procedure); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.102 (West 2005) (setting forth procedures for "Commencement of Suit" against a governmental unit under Texas Tort Claims Act). As discussed above, Eby's claims against Vesely and the City involve the same subject matter—Vesely's alleged intentional torts. Accordingly, we hold the trial court was

11

required to dismiss Vesely as counter-defendant on the City's filing of a motion to dismiss under section 101.106(e). *See Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 659; *Tex. Bay Cherry Hill*, 257 S.W.3d at 399-400; *Villasan*, 166 S.W.3d at 759. We sustain the City's second issue. As set forth above in this opinion, Vesely's individual suit against Anthony Eby did not operate as a waiver of governmental immunity as would arguably render subsection (e) inapplicable. We sustain the City's fourth issue.

## IV. CONCLUSION

Having sustained the City's five issues on appeal, (1) we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Anthony Eby, Mary Eby, and Jessica Frenchak's claims against the City for lack of jurisdiction; (2) we reverse the trial court's order denying the City's motion to dismiss Vesely under Civil Practice and Remedies Code section 101.106(e) and pursuant to section 101.106(e), render judgment dismissing Anthony Eby, Mary Eby,[5] and Jessica Frenchak's claims against Vesely for lack of jurisdiction.

_____
GREGORY T. PERKES
Justice

Concurring Memorandum Opinion by Justice Dori Contreras Garza.

Delivered and filed the
14th day of April, 2011.

---

[5] As set forth above, Mary Eby is a minor and Anthony Eby filed claims on her behalf as next friend. We also note that the disposition of this appeal does not affect Vesely's individual claims against Anthony Eby as no issue was raised on appeal that would affect those claims.