

NUMBER 13-09-00075-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CAMERON COUNTY, TEXAS,                                             Appellant,

v.

FRANCISCO ORTEGA,                                                 Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

# O P I N I O N

Before Justices Rodriguez, Garza, and Vela
Opinion by Justice Rodriguez

Appellant, Cameron County, Texas (the "County"), brings this accelerated

interlocutory appeal following the trial court's denial of its plea to the jurisdiction. By one

issue, the County asserts that the trial court erred in denying its plea to the jurisdiction

because it is immune from suits based on the doctrine of sovereign immunity. We reverse the trial court's order and render judgment dismissing the claims against the County.

## I. BACKGROUND

Francisco Ortega, appellee, filed his original petition, asserting that the County was responsible for injuries occurring during his arrest. He claimed a deputy from the County Sheriff's department knowingly, intentionally, and/or recklessly tightened his handcuffs. Ortega's amended petition alleges the following facts: on May 20, 2006, the deputy arrested and handcuffed Ortega; the deputy fastened the handcuffs, causing the cuffs to press against Ortega's right wrist; upon being cuffed, Ortega complained of the tightness of the handcuffs; the deputy then further tightened the handcuffs; Ortega remained tightly cuffed while being transported to the Cameron County jail; he complained of pain during the transport, and again when he arrived at the jail; later, when the jailers observed swelling and discoloration of Ortega's right wrist, they relieved the pressure and transported Ortega to the Valley Regional Medical Center; he was treated for torn tissue in the area of his right hand, arm, or wrist.

The County filed special exceptions to Ortega's original petition, requesting that Ortega show that he gave proper notice of his injuries to the County and state the maximum amount of damages sought. The trial court granted the County's special exceptions to Ortega's original petition. The County then filed a plea to the jurisdiction, arguing that Ortega cannot affirmatively state a claim that falls within the limited waiver of sovereign immunity and that proper notice of the injury was not given to the County under the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.0215, 101.101 (Vernon 2005). Ortega then filed his amended petition and responded

2

to the County's plea to the jurisdiction alleging that the deputy was negligent in his use of handcuffs and, thus, sovereign immunity was waived. *See id.* The trial court denied the County's plea to the jurisdiction. This appeal ensued.

## II. STANDARD OF REVIEW & APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004*)*; *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, we review de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

A plaintiff bears the burden of alleging facts which affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Morris*, 129 S.W.3d at 807. When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's petition, the appellate court must accept as true all factual allegations in the petition. *Id.* The appellate court must examine the pleader's intent and construe the pleading in the plaintiff's favor. *Ramirez*, 74 S.W.3d at 867; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). However, a plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *Ramirez*, 74 S.W.3d at 867; *Brown*, 80 S.W.3d at 555.

3

## III. DISCUSSION

In its first and only issue, the County asserts that it is protected from suit by the doctrine of sovereign immunity. Sovereign immunity cannot be waived except by statute or by the Texas Constitution. TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008). The TTCA provides a waiver of sovereign immunity for harm caused by the negligence of an employee, acting within the scope of his employment, if the harm was caused by the "operation and use of motor vehicles"; the "employee would be personally liable to the claimant"; or the harm was caused by the "condition or use of tangible personal property." TEX. CIV. PRAC. & REM. CODE ANN. §101.021. However, the TTCA is limited and does not waive immunity for claims "arising out of assault, battery, false imprisonment or any other intentional tort . . . ." *Id*. at § 101.057(2) (Vernon 2005).

Ortega must not only allege elements of waiver in his petition, but he must also plead facts that show the elements of waiver within the scope of the TTCA in order to show that the trial court has jurisdiction. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Nueces County v. Ferguson*, 97 S.W.3d 205, 219 (Tex. App.–Corpus Christi 2002, no pet.) (holding that a plaintiff who sues under state law must show waiver of immunity to establish jurisdiction). In his first amended petition Ortega contends that the County is liable for his injuries because the TTCA waives immunity for negligent conduct. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. To support this claim, Ortega alleged that the County negligently used handcuffs by applying excessive pressure at his initial cuffing. Ortega's petition alleges that after Ortega complained of the initial discomfort, the deputy tightened the handcuffs more, "far exceeding the pressure necessary to properly

4

restrain Ortega." Ortega claims that the deputies, the arresting deputy, and the deputies from the jail negligently ignored his complaints of pain, breaching the duty of prudent care owed to Ortega. In addition, Ortega alleges claims of infliction of bodily injury and offensive physical contact, asserting that the deputy used excessive force during his handcuffing and then failed to investigate his complaints.

Texas law states that, even if a claim is framed in negligence, when the facts pleaded amount to an intentional tort, the claim does not cause a waiver of sovereign immunity under the TTCA. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (concluding that the plaintiff's negligent claims were the same as the conduct she asserted in her claim for assault; thus, she failed to prove waiver); *Pineda v. City of Houston*, 175 S.W.3d 276, 282-283 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (holding that appellant's claim of the officer's negligent performance of a duty failed because the claim focused on the shooting of the victim). In other words, a plaintiff cannot circumvent the intentional nature of his claim by calling the action negligent. *City of Laredo v. Nuno*, 94 S.W.3d 786, 789 (Tex. App.–San Antonio 2002, no pet.).

## A. Assault

Ortega's petition claims that the deputy made offensive physical contact with Ortega and caused bodily injury by treating him roughly while tightening Ortega's handcuffs and placing him in the patrol car. A person commits assault when he "intentionally, knowingly or recklessly causes bodily injury to another. . . or when the person knows or should reasonably believe that the other will regard the contact as offensive." TEX. PENAL CODE ANN. § 22.01 (a)(1), (3) (Vernon 2003). Assault elements are the same in both civil and

criminal cases. *Morgan v. City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.–Houston [1st Dist.] 2004, no pet.). In *City of Waco v. Williams*, the plaintiff alleged that the officers had negligently repeatedly shot the victim with taser guns; however, the court held that even though the plaintiff attempted to plead negligence, the officers would have reasonably believed that the plaintiffs would regard the intended physical contact as offensive. 209 S.W.3d 216, 213 (Tex. App.–Waco 2006, pet. denied). Just as repeated shots of a taser gun displayed the officers's intent to offensively contact the victim, the tightening of Ortega's handcuffs after the deputy was made aware of his discomfort displays the deputy's intent to offensively contact Ortega. Thus, the actions described in Ortega's pleading describe an intentional tort and sovereign immunity is not waived. *See id.*; *Morgan*, 175 S.W.3d at 418 (holding that plaintiff's negligence claim actually centered on the intentional physical confrontation and did not fall within the TTCA waiver); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2)*.*

## B. Negligence

Even though the TTCA exempts intentional torts from its waiver of sovereign immunity, the Texas Supreme Court has held that section 101.057(2) must not be construed too broadly because a suit can be brought against a government entity for negligent acts committed by the government entity. *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 59 (Tex. 1992). The words "arising out of" from section 101.057(2) require a "nexus between the claim and the intentional tort" and the "tortfeasor must be a governmental employee whose conduct is the subject of the complaint" in order for the act to be exempted from waiver. *Id.* In *Morgan*, the plaintiff attempted to construe the officer's

6

conduct (grabbing the appellant, handcuffing him, and throwing him in the car) as negligent by claiming that the officer breached his "duty to perform official functions without injuring others" and that the officer used unnecessary force in his arrest, which resulted in his physical injuries. *Id.*, 175 S.W.3d at 418; *see also Pineda*, 175 S.W.3d at 283 (noting that, although the plaintiff's petition claimed that officers failed to use reasonable care when using pistols, the focus was on the conduct, i.e., the shooting of the plaintiff, which was an intentional tort); *Nuno*, 94 S.W.3d at 789 (stating that, although the plaintiff's claims were stated in terms of the officer's negligence in placing plaintiff in a police vehicle and failing to properly apply handcuffs, the focus of the claim was on the intentional acts of using excessive force to arrest plaintiff). However, the court held that because the claims of negligence arose from the same foundation as the claims of assault, the negligence claim was essentially an intentional tort claim and did not waive sovereign immunity under the TTCA. *Morgan*, 175S.W.3d at 418.

Similarly, Ortega attempts to frame his claims in terms of negligence, asserting that the deputy breached the duty of care owed Ortega when the deputy applied excessive pressure that far exceeded the force necessary to properly restrain Ortega. However, though attempting to plead a breach of duty, Ortega's pleading focuses on the deputy's conduct as described above. Thus, Ortega's negligence claim arises from the same set of facts pleaded for his claims of bodily injury and offensive contact, which are the elements of assault, an intentional tort. *See* TEX. PENAL CODE ANN. § 22.01 (a)(1), (3); *see also Delaney*, 835 S.W.2d at 59. Because the TTCA does not waive sovereign immunity for intentional torts and the pleading does not allege facts showing actual negligent

conduct, Ortega failed to establish a waiver of sovereign immunity. *See Morgan*, 175 S.W.3d at 418; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2)*.* Therefore, the pleading affirmatively negates the existence of the trial court's jurisdiction. *See Brown*, 80 S.W.3d at 555. The County's first and only issue is sustained.[1]

## IV. CONCLUSION

We reverse the trial court's order denying the County's plea to the jurisdiction and we render judgment granting the County's plea to the jurisdiction.


NELDA V. RODRIGUEZ
Justice

Opinion delivered and filed
this 2nd day of July, 2009.

---

[1]Because the County is immune to suit, we need not discuss the County's sub-issue on notice. *See* TEX. R. APP. P. 47.1.

8