Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00441-CV

Jerry **WANZER**, TDCJ-ID #855976,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION**, et al.,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 04-03-00051-CVK
Honorable Ron Carr, Judge Presiding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 9, 2010

AFFIRMED

This is an appeal from the trial court's orders dismissing Jerry Wanzer's suit against the

Texas Department of Criminal Justice-Institutional Division and several of its employees

(collectively "the Department"). Wanzer, an inmate, filed suit against the Department under the

Texas Tort Claims Act (TTCA) after he was purportedly assaulted by a prison employee for

---

[1] ⬆ Sitting by assignment.

requesting "his medical diet sandwiches." The Department filed a plea to the jurisdiction in response to Wanzer's suit as well as several motions to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court granted the Department's plea to the jurisdiction and Chapter 14 motions to dismiss. This appeal followed. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's orders in this memorandum opinion under Texas Rule of Appellate Procedure 47.4.

1.    Wanzer alleges the trial court erred in denying his motions to reinstate and vacate the orders of dismissal. However, Wanzer does not provide citation to any authority in support of his contention. Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant's "[f]ailure to cite authority or provide substantive analysis waives an issue on appeal." *Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied); *see Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority or cites only to a single non-controlling case."). By failing to adequately brief the issue, Wanzer has waived any error regarding his motions to reinstate and vacate the orders of dismissal.

2.    Wanzer claims the trial court erred in granting the Department's plea to the jurisdiction. Wanzer brought suit against the Texas Department of Criminal Justice – Institutional Division and its employees under the TTCA following an incident where a prison employee is alleged to have "maliciously and sadistically assaulted" him. "Texas law states that, even if a claim is framed in negligence, when the facts pleaded amount to an intentional tort, the claim does not cause a waiver

of sovereign immunity under the TTCA." *Cameron County v. Ortega*, 291 S.W.3d 495, 498 (Tex. App.—Corpus Christi 2009, no pet.). Wanzer's allegations against the Department describe an intentional tort and sovereign immunity is not waived. *See id.* at 498-500. Accordingly, the trial court did not err by granting the Department's plea to the jurisdiction.

3. Wanzer argues the trial court erred in granting the Department's Chapter 14 motions to dismiss. We review a trial court's Chapter 14 dismissal of an inmate's action under an abuse of discretion standard. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Chapter 14 of the Texas Civil Practice and Remedies Code sets forth procedural requirements that an inmate must satisfy when filing a suit *pro se* and seeking to proceed *in forma pauperis*. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). An inmate's failure to comply with the requirements of Chapter 14 will result in the dismissal of his action. *Lilly*, 100 S.W.3d at 336; *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Chapter 14 specifically requires an inmate to file a separate affidavit or declaration describing each suit that he has previously filed *pro se*. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. The affidavit or declaration must: (a) state the operative facts for which relief was sought; (b) list the case name, cause number, and the court in which the suit was brought; (c) identify each party named in the suit; and (d) state the result of the suit, including whether the suit was dismissed as frivolous or malicious. *Id.* § 14.004(a)(2).

Although Wanzer filed a declaration listing previous lawsuits filed, he failed to detail the "operative facts" upon which relief was sought in each suit. Without a detailed description of the

operative facts upon which his previous lawsuits were based, the trial court was unable to consider whether Wanzer's current claims are substantially similar to his previous claims. *See Bell*, 962 S.W.2d at 158. Because Wanzer did not comply with the mandatory requirements of section 14.004, the trial court could have properly assumed the present matter was substantially similar to one previously filed by Wanzer and, therefore, frivolous. *See id.* The trial court did not abuse its discretion by granting the Department's Chapter 14 motions to dismiss.

4.      Wanzer contends the trial judge was biased and lacked impartiality. The record shows Wanzer did not file a motion to recuse when he learned of the trial judge's alleged bias and impartiality; instead, he complains about the trial judge's alleged bias and impartiality for the first time on appeal. "If recusal is not raised by proper motion in the trial court, it is waived." *Figueroa v. West*, 902 S.W.2d 701, 704 (Tex. App.—El Paso 1995, no writ). Because Wanzer never filed a motion to recuse the trial judge, or otherwise draw the trial court's attention to the matter, he has waived this issue.

The orders of the trial court are affirmed.

Catherine Stone, Chief Justice