NUMBER 13-09-00205-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

City
of Corpus Christi,                                                   Appellant, 

 

v.

 

dr.
ANTHONY EBY, INDIVIDUALLY AND AS

NEXT
FRIEND OF Mary V. Eby, A MINOR,

and
jessica frenchak,                                                   Appellees.



 



 

On appeal from County Court at Law No. 1

Nueces County, Texas



 



 

MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes   

Memorandum Opinion by Justice Perkes 


Appellant, the City of Corpus Christi
(the “City”), brings this accelerated interlocutory appeal following the trial
court’s denial of the City’s plea to the jurisdiction and motion to dismiss its
police officer, Jerry Vesely (“Vesely”).[1] 
By five issues, the City asserts:  (1) the trial court erred in denying its
plea to the jurisdiction; (2) the trial court erred in denying its motion to
dismiss Vesely under Texas Civil Practice and Remedies Code section 101.106(e);
(3) the filing of a lawsuit by a governmental employee, in his individual
capacity, does not waive governmental immunity and make the governmental entity
susceptible to a third-party action; (4) the filing of a lawsuit by a
governmental employee does not foreclose the applicability of section 101.106
in the employee’s individual and/or official capacity; and (5) there is no
waiver of immunity under Civil Practice and Remedies Code section 101.021 for
impounding a vehicle.  We reverse the trial court’s orders and render judgment
dismissing the claims against the City and Vesely. 

I.  BACKGROUND

Jerry Vesely, a Corpus Christi police
officer, sued appellee Anthony Eby for defamation for allegedly reporting to
news-gathering agencies that Vesely attempted to steal his car.  Anthony Eby joined
by his daughter, Mary V. Eby, a minor, and his step- daughter, Jessica Frenchak
(collectively “Eby”), filed counterclaims against Vesely and brought a third-party
action against the City and Sergeant Michael Frakes of the Corpus Christi
Police Department (“Sgt. Frakes”).[2] 
With the exception of a claim that the City was negligent in its supervision of
Vesely, Eby’s claims against Vesely and the City are essentially identical.  Eby
alleged causes of action against the City and Vesely for conversion, theft, negligent
violation of constitutional property rights, intentional and negligent
infliction of emotional distress, false imprisonment, malicious prosecution, conspiracy,
and participatory liability.  

Eby alleged the following facts in
his first amended petition:  Jessica was driving to church with her stepsister,
Mary, but was stopped and confronted by Sgt. Frakes in the church parking lot;
Sgt. Frakes told Jessica the car was stolen and that there was something wrong
with it.  According to the petition, Sgt. Frakes contacted Vesely, who stated
he had been looking for the vehicle for some time and that the vehicle
contained stolen parts and should be impounded.

Eby pleaded further that Lela Eby,
Anthony Eby’s wife, told Sgt. Frakes the family had owned the vehicle for three
years and that she would bring a certificate of title to prove ownership.  Sgt.
Frakes allegedly impounded the vehicle and left the children in the church
parking lot.  Eby alleged Eby’s attorney left messages for Vesely and hand
delivered a letter to Vesely stating the City had erred and should release the car
because it was neither reported stolen nor stolen.  According to Eby, Vesely did
not respond to the phone calls and letter.  After Eby’s counsel contacted the
City’s attorney, the City’s attorney allegedly instructed personnel at the impound
lot to release the car.  But according to Eby’s pleading, Vesely was present at
the impound lot and refused to allow Eby to take the car until the City’s
attorney intervened in person.          

The City filed its plea to the
jurisdiction based on governmental immunity and the failure to allege a waiver
of governmental immunity.  The City filed its motion to dismiss Vesely and Sgt.
Frakes based on Texas Civil Practice and Remedies Code section 101.106(e).  The
trial court denied the City’s plea to the jurisdiction, and the City’s motion
to dismiss Vesely, but granted the City’s motion to dismiss Sgt. Frakes.  This
appeal followed.[3]  


II.  STANDARD OF REVIEW

A plea to the jurisdiction is a
dilatory plea; its purpose is “to defeat a cause of action without regard to
whether the claims asserted have merit.”  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).   The plea challenges the trial court’s subject
matter jurisdiction over a pleaded cause of action.  Texas Dep’t of Parks
and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Cameron
County, Tex. vs. Ortega, 291 S.W.3d 495, 497 (Tex. App.—Corpus Christi
2009, no pet.).  Subject matter jurisdiction is a question of law; therefore,
we review the trial court’s ruling on a plea to the jurisdiction de novo.  See Miranda, 133 S.W.3d at 228 (Tex.
2004); Ortega, 291 S.W.3d at 497.  

A plaintiff bears the burden of
alleging facts that affirmatively demonstrate the trial court's jurisdiction.  Tex.
Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002); State
of Tex. Parks & Wildlife Dept. v. Morris, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no
pet.).  In deciding a
plea to the jurisdiction, a court may not weigh the merits of the causes of
action, but must consider only the plaintiff’s pleadings and any evidence in
the record pertinent to the jurisdictional inquiry.  County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002);
City of Laredo v. Nuno, 94 S.W.3d 786, 788 (Tex. App.—San Antonio 2002,
no pet.).  The appellate
court must examine the pleader's intent and construe the pleading in the
plaintiff's favor.  Brown, 80 S.W.3d at 555; Ramirez, 74 S.W.3d
at 867.  However, a plea to the jurisdiction may be granted without allowing
the plaintiff to amend the pleading if the pleading affirmatively negates the
existence of jurisdiction.  Brown, 80 S.W.3d at 555; Ramirez, 74
S.W.3d at 867.

III. 
DISCUSSION

            By its first, third, and fifth
issues, the City argues the trial court erred by denying its plea to the
jurisdiction and that Vesely’s suit against Anthony Eby for alleged defamation
did not waive its immunity from suit.  We agree.

A.    The City’s Immunity Was Not Waived

Lawsuits against the government
generally hamper governmental functions by requiring tax resources to be used
for defending lawsuits and paying judgments rather than using those resources
for their intended purposes.  Reata Constr. Corp. v. City of Dallas,
197 S.W.3d 371, 374 (Tex. 2006).  Governmental immunity protects municipalities
from lawsuits for money damages.  Id. 
Legislative enactments determine the extent to which immunity has been
voluntarily relinquished.  See Wichita Falls State Hosp. v. Taylor, 106
S.W.3d 692, 695 (Tex. 2003). 

            The Texas Tort Claims Act (the “Act”)
provides a limited waiver of immunity for certain suits against governmental
entities and caps recoverable damages.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.023 (West
2005).  As it pertains to the issues on appeal, the Act waives governmental
immunity from suit to the extent that liability arises from the use of a
motor-driven vehicle or motor-driven equipment.  Id.
§ 101.021.  The Act does not waive immunity for claims arising from any
intentional tort.  Id.  § 101.057 (West 2005).  In determining whether a
plaintiff’s claims are barred by immunity, we look to the substance of the
claims alleged because governmental immunity cannot be circumvented by artful
pleading.  See Tex. Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 577 & 580 (Tex.
2001); Harris County
v. Cabazos, 177
S.W.3d 105, 111-12 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Delaney
v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992)).

Eby conceded in the trial court that
the City is a governmental unit.  Eby’s claims all seek money damages for
Vesely’s actions of impounding the car and leaving Mary and Jessica stranded in
a parking lot.  Eby pleaded these claims as conversion, false imprisonment, and
intentional infliction of emotional distress, which are intentional torts, and
then couched the same claims in terms of other causes of action such as
negligent supervision on the part of the City, conspiracy, theft, a violation
of article 1, section 19 of the Texas Constitution, and negligent infliction of
emotional distress.  In Eby’s response to the City’s plea to the jurisdiction,
Eby also characterized their claims as alleging that Vesely committed an ultra
vires act.

In substance, all of Eby’s claims
against Vesely and the City are for intentional torts and so Eby has failed to
demonstrate a waiver of the City’s immunity from suit.  See Tex. Civ. Prac. & Rem. Code § 101.057(2) (listing
“false imprisonment” and “any other intentional tort” as outside the scope of
the Act’s waiver of governmental immunity); Hardin County Sheriff’s Dep’t.
v. Smith, 290 S.W.3d 550, 552 (Tex. App.—Beaumont 2009, no pet.) (holding
intentional infliction of emotional distress is an intentional tort); City
of Houston v. Petroleum Traders Corp., 261 S.W.3d 350, 361 (Tex.
App.—Houston [1st Dist.] 2008, no pet.) (holding conversion is an intentional
tort).  A police officer’s act of improperly impounding a vehicle involves
intentional tortious conduct and the Legislature has not waived governmental
immunity from suit even if the same claim is characterized in terms of the City’s
alleged failure to investigate or supervise an employee-tortfeasor.  See Petta,
44 S.W.3d at 577-80; Nuno, 94 S.W.3d at 789-90.  Improper impounding is
not a claim that arises from the operation or use of a motor vehicle when, as
here, there is no showing that the alleged injury was actually caused by use or
operation of the vehicle; mere involvement of a car does not give rise to a
waiver of immunity.  Nuno, 94 S.W.3d at 789-90; see also City of El
Campo v. Rubio, 980 S.W.2d 943, 946 (Tex. App.—Corpus Christi 1998, pet.
dism’d); City of Sugarland v. Ballard, 174 S.W.3d 259, 265-66 (Tex.
App.—Houston [1st Dist.] 2005, no pet.).  

Eby’s allegations that Vesely
violated article 1, section 19 of the Texas Constitution and that Vesely
committed an ultra vires act by impounding the car fail to support a waiver of
the City’s immunity.  Artful pleading may not be used to disguise damage claims
as claims that support a waiver of immunity.  City of Houston v. Williams,
216 S.W.3d 827, 829 (Tex. 2007).  A claim that a public employee committed an
ultra vires act may not be brought for monetary damages.  See id.; see
also City of El Paso v. Heinrich, 284 S.W.3d 366, 374 (Tex. 2009).  Likewise,
a claim alleging a violation of article 1, section 19 of the Texas Constitution
may not be brought for monetary damages.  Nueces County v. Ferguson, 97
S.W.3d 205, 221-22 (Tex. App.—Corpus Christi 2002, no pet.).  Eby
seeks only monetary relief against Vesely and the City.  The substance of the
constitutional and ultra-vires-act allegations is that Vesely impounded the car
and left Mary and Jessica stranded in the parking lot.  As a result, Eby’s constitutional
and ultra-vires-act allegations do not support the conclusion that the City
waived its immunity.  

The trial court erred in denying the
City’s plea to the jurisdiction because even after amending the claims, Eby did
not demonstrate a waiver of immunity.  We sustain the City’s first and fifth
issues on appeal.

B.    Vesely’s Suit Against Anthony Eby Did
Not Waive the City’s Immunity

       While Texas courts have long
held that a governmental entity waives immunity by filing suit on an
affirmative claim, Vesely’s individual lawsuit against Anthony Eby did not
waive the City’s immunity from suit.  See Reata Constr. Corp., 197
S.W.3d at 375-76. When a city initiates suit and is subject to a counterclaim,
its affirmative waiver of immunity by filing suit applies to defenses and
counterclaims connected to, germane to, or properly defensive to the matters on
which the city based its affirmative claim for damages.  Id. at 377.  The
waiver extends only so far as any recovery on the counterclaims would offset
the governmental entity’s recovery on its claims.  Id. at 377-78.  If
the governmental entity does not receive any monetary relief in the suit, there
is no waiver of immunity from suit because there is no recovery that can be
offset.  Kansas City S. v. Port of Corpus Christi Auth., 305 S.W.3d 296,
309 (Tex. App.—Corpus Christi 2009, pet. denied).  The rationale for finding a
waiver of immunity is that the interest in protecting the government from the
cost of suit does not apply to the extent the government has assumed the cost
of suit by initiating litigation.  See Reata Constr. Corp., 197 S.W.3d
at 376-77.  

Vesely’s suit against Anthony Eby did
not waive immunity because the City did not assume the burden of litigating
Vesely’s lawsuit and the City would not be awarded damages even if Vesely
prevailed in his defamation lawsuit against Anthony Eby.  There are no
pleadings or evidence in the record that show the City assumed the burden of
initiating Vesely’s suit.  Rather, the record shows that Vesely individually filed
suit against Anthony Eby with retained counsel, Eric Perkins.  In his petition
against Anthony Eby, Vesely sought monetary relief for himself, not the City. 
As a counter- defendant answering Eby’s counterclaims, Vesely was represented
by separate counsel, Phillip A. McKinney.[4] 
Under these facts, we hold that Vesely’s suit against Anthony Eby did not waive
the City’s immunity from suit.  See id.; Kansas City S., 305
S.W.3d at 309.    

Further, a peace officer’s authority,
as defined by statute, does not extend to filing a defamation lawsuit to
recover monetary damages for himself.  See Tex. Code Crim. Proc. Ann. art. 2.13 (West 2005) (stating
general duties and powers of peace officers).  The essence of a defamation cause of action is to
redress injury to personal reputation.  Montemayor v. Ortiz, 208
S.W.3d 627, 651 n.17 (Tex. App.—Corpus Christi 2006, pet. denied) (citing Hurlbut v. Gulf Atl. Life Ins. Co., 749 S.W.2d 762, 766 (Tex. 1987)).  On the face of Vesely’s original
petition, he brought suit in his individual capacity alleging injury to his own
reputation, not that of the City or its police department.  Though he states in his petition that
he is a police officer and alleges his professional reputation has been
injured, the record contains no pleading or evidence that shows Vesely possessed
actual or apparent authority to file suit in his official capacity or on behalf
of the City.  Accordingly, we find Vesely’s individual act of suing Anthony Eby
did not waive the City’s governmental immunity from suit.  We sustain the
City’s third issue. 

 

            C.  The City’s Motion to Dismiss Vesely

            By its second and fourth issues, the City argues
the trial court erred in denying its motion to dismiss Vesely filed pursuant to
Civil Practice and Remedies Code section 101.106(e).  We agree.

            Generally, we review a trial court’s ruling on a
motion to dismiss for an abuse of discretion.  Am. Transitional Care. Ctrs.
of Texas, Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  However, the
proper standard of review is not necessarily determined by the type of motion
to which the trial court’s order pertains, but rather by substance of the issue
to be reviewed.  See In re Doe, 19 S.W.3d 249, 253 (Tex. 2009) (holding
that to determine proper standard of review, a court must determine whether the
issue is a question of law or fact).  The City’s motion to dismiss Vesely
raised an immunity issue under section 101.106(e) of the Texas Tort Claims
Act.  See Singleton v. Casteel, 267 S.W.3d 547, 550 (Tex. App.—Houston
[14th Dist.] 2008, pet. denied).  If immunity applies, the trial court lacks
subject matter jurisdiction over the case.  Id.  (citing Miranda,
133 S.W.3d at 224, 226).  Subject matter jurisdiction is a question of law
which we review de novo.  Id.  Likewise, we review de novo matters of
statutory construction.  Id. (citing City of San Antonio v.
Boerne, 111 S.W.3d 22, 25 (Tex. 2003)).

            Section 101.106 is an election-of-remedies
provision in the Texas Tort Claims Act.  See Tex. Civ. Prac. & Rem. Ann. § 101.106 (West 2005).  Section 101.106 forces a plaintiff
to decide at the outset whether an employee acted independently and is thus
solely liable, or acted within the general scope of his or her employment such
that the governmental unit is vicariously liable, thereby reducing the
resources that the government and its employees must use in defending redundant
litigation and alternative theories of recovery.  Mission Consol. Indep.
Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008).  Subsection (e)
provides that when both a governmental unit and its employee are sued under the
Texas Tort Claims Act, the employee “shall” be dismissed immediately on the
governmental unit’s filing of a motion [to dismiss].  Tex. Civ. Prac. & Rem. § 101.106(e).  Subsection (e)
imposes a mandatory duty to dismiss upon a governmental unit’s filing of the
appropriate motion.  See id.; Villasan v. O’Rourke, 166 S.W.3d
752, 762-63 (Tex. App.—Beaumont 2005, pet. denied).  

Even an assertion by a plaintiff that
it sued a government employee in his individual capacity and not his official
capacity does not bar dismissal of the employee under subsection (e), when, as
here, the suit against the governmental entity and the employee involve the
same subject matter.  Tex. Bay Cherry Hill v. City of Fort Worth, 257
S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.).  A plaintiff must proceed
cautiously before filing suit and carefully consider whether to seek relief
from the governmental unit or from the employee individually because the
decision regarding whom to sue has irrevocable consequences.  Mission
Consol. Indep. Sch. Dist., 253 S.W.3d at 657.    

Eby filed suit against Vesely and the
City by their counterclaim and third-party action, respectively.  See generally
Tex. R. Civ. P. 97 (setting
forth parameters of counterclaims and third-party actions, respectively, in
Texas procedure); see also Tex.
Civ. Prac. & Rem. Code Ann. § 101.102 (West 2005) (setting forth procedures for
“Commencement of Suit” against a governmental unit under Texas Tort Claims Act).
 As discussed above, Eby’s claims against Vesely and the City involve the same
subject matter—Vesely’s alleged intentional torts.  Accordingly, we hold the
trial court was required to dismiss Vesely as counter-defendant on the City’s
filing of a motion to dismiss under section 101.106(e).  See Mission Consol.
Indep. Sch. Dist., 253 S.W.3d at 659; Tex. Bay Cherry Hill, 257
S.W.3d at 399-400; Villasan, 166 S.W.3d at 759.  We sustain the City’s
second issue.  As set forth above in this opinion, Vesely’s individual suit
against Anthony Eby did not operate as a waiver of governmental immunity as
would arguably render subsection (e) inapplicable.  We sustain the City’s
fourth issue.    

IV.  CONCLUSION

Having sustained the City’s five
issues on appeal, (1) we reverse the trial court’s order denying the City’s plea
to the jurisdiction and render judgment dismissing Anthony Eby, Mary Eby, and
Jessica Frenchak’s claims against the City for lack of jurisdiction; (2) we
reverse the trial court’s order denying the City’s motion to dismiss Vesely
under Civil Practice and Remedies Code section 101.106(e) and pursuant to
section 101.106(e), render judgment dismissing Anthony Eby, Mary Eby,[5]
and Jessica Frenchak’s claims against Vesely for lack of jurisdiction.

 

 

                                                                        _______________________________

GREGORY T. PERKES

                                                                        Justice

 

Concurring Memorandum Opinion
by Justice Dori Contreras Garza.

 

Delivered and filed the 

14th day of April, 2011. 









[1] 
Although the City complains that the trial court erred in denying its motion to
dismiss Officer Vesely, no notice of appeal has been filed on his behalf, and
he is not a party to this appeal.  





[2] 
Sgt. Frakes, the other third-party defendant, is not a party to this appeal.





[3] 
On appeal, the City has filed a motion for submission.  We hereby grant the
City’s motion, effective March 3, 2011, the date this case was submitted on
appeal.  We also note that Eby has not filed an appellees’ brief in this case. 
As a result, we accept as true the City’s statement of facts supported by
record citations.  See Tex. R.
App. P. 38.1(g).

 





[4] 
On appeal, McKinney has filed an amicus curiae brief on behalf of Vesely in Vesely’s
official capacity as a police officer.  McKinney states in his brief that the
City is paying for the preparation of the amicus brief.  





[5] 
As set forth above, Mary Eby is a minor and Anthony Eby filed claims on her
behalf as next friend.  We also note that the disposition of this appeal does
not affect Vesely’s individual claims against Anthony Eby as no issue was
raised on appeal that would affect those claims.