

# NUMBER 13-12-00577-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.O.G., A CHILD

**On appeal from the 343rd District Court
of Bee County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Valerie Lerma challenges the trial court's order granting appellees Jessy and Ofelia Garza's plea to the jurisdiction and dismissing her petition for bill of review. By her petition for bill of review, Lerma sought to set aside the termination of her parental rights to C.O.G., a child, and the Garzas' subsequent adoption of C.O.G.[1]  We affirm.

---

[1]  In order to protect the minor child's privacy, we identify the child by the initials "C.O.G."  *See* TEX. R. APP. P. 9.8.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The Garzas are C.O.G.'s paternal grandparents. The Garzas adopted C.O.G. after Lerma and their son, Miguel Garza, relinquished their parental rights to C.O.G. Lerma and Miguel later ended their romantic relationship.

Four years after the trial court entered its order terminating Lerma's parental rights to C.O.G., Lerma filed the original petition for bill of review at issue in this case. By her petition, Lerma alleged the termination of her parental rights to C.O.G. was improper because her voluntary affidavit of relinquishment of parental rights was not "witnessed by two credible persons" as required by the Texas Family Code.[3] There is no evidence or suggestion in the record that Lerma revoked her affidavit of relinquishment.[4] Lerma did not plead any facts suggesting fraud, duress, or coercion influenced her execution of the affidavit. Lerma asked the trial court to set aside its prior findings in support of termination of her parental rights and the subsequent adoption order. Lerma also requested a new trial in the termination case.

The Garzas answered Lerma's petition for bill of review by filing a plea to the jurisdiction[5] and, subject to the plea, a general denial. By their plea to the jurisdiction,

---

[2] No evidence was received at the hearing on the Garzas' plea to the jurisdiction. This factual background is taken from the undisputed facts as set forth in the parties' pleadings and the discussion at the hearing on the Garzas' plea to the jurisdiction. We also note that our record does not contain the termination and adoption order(s) Lerma attempts to challenge.

[3] *See* Tex. Fam. Code Ann. § 161.103 (West 2008) (entitled "Affidavit of Voluntary Relinquishment of Parental Rights" and setting forth certain affidavit requirements).

[4] At the hearing on the plea to the jurisdiction, the Garzas' trial counsel represented to the trial court that Lerma never revoked her affidavit of relinquishment of parental rights to C.O.G. Lerma's counsel did not disagree with this statement.

[5] *See* Tex. R. Civ. P. 85 ("The original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas . . . .").

the Garzas argued that section 161.211 of the Texas Family Code barred Lerma's challenge to the termination and adoption order(s)[6] rendered on October 16, 2007 because Lerma waited more than six months to assert her challenge.

The trial court held a hearing on the plea to the jurisdiction. At the hearing, Lerma argued the restrictions in section 161.211 did not apply to her bill of review because the absence of two credible witnesses to the relinquishment affidavit rendered the termination order void. The trial court granted the Garzas' plea to the jurisdiction and dismissed Lerma's bill-of-review suit. This appeal ensued.

## II. ISSUES PRESENTED

Lerma presents the following issues for review:

1. In ruling on the Garzas' plea to the jurisdiction, did the trial court erroneously require Lerma to prove a prima facie case for the bill of review when all deadlines to amend pleadings had not yet expired and there existed a factual basis for Lerma's bill of review of the existence of a void affidavit of voluntary relinquishment of parental rights?

2. Does the failure to secure two witnesses to an affidavit of voluntary relinquishment of parental rights, under Texas Family Code section 161.103, render the affidavit void or voidable?

3. Does the fact that the affidavit was not witnessed excuse Lerma from the requirement set forth in Texas Family Code section 161.211 that she bring any direct or collateral challenge to the termination and adoption within six months of the termination and adoption order?

## III. STANDARD OF REVIEW

To render a binding judgment, a court must have both subject-matter jurisdiction over the controversy and personal jurisdiction over the parties. *Spir Star AG v. Kimich*,

---

[6] It is unclear from the record before this Court whether the termination and adoption were effected by a single order or by two orders. The parties agree the termination order was signed "on or about" October 16, 2007.

310 S.W.3d 868, 871 (Tex. 2010).   A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   The plea challenges the trial court's subject-matter jurisdiction over a pleaded cause of action.   *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cameron County, Tex. v. Ortega*, 291 S.W.3d 495, 497 (Tex. App.—Corpus Christi 2009, no pet.).   Subject-matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo.   *See Miranda*, 133 S.W.3d at 228; *Ortega*, 291 S.W.3d at 497.

We review questions of statutory construction de novo.   *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)).   In construing statutes, our primary objective is to give effect to the Legislature's intent.   *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).   We rely on the plain meaning of the text as expressing legislative intent, unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results.   *Id.*   We presume the Legislature selected the language in a statute with care and that every word or phrase was used with a purpose in mind.   *Id.*   When the language of a statute is clear and unambiguous, Texas courts do not resort to rules of construction or extrinsic aids to construe the language.   *Id.* at 640 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008)).

4

## IV.  ANALYSIS

By her second and third issues, Lerma argues the six-month time limit for challenging the order terminating her parental rights is inapplicable to her petition for bill of review because the lack of two witnesses to her relinquishment affidavit renders her affidavit void.   According to Lerma, this defect removes her challenge to the termination and subsequent adoption from the scope of Family Code section 161.211.   We disagree.

Lerma relies primarily on the language of Texas Family Code sections 161.103(a) and 161.211 to support her arguments.   Family Code section 161.211(a) provides that a direct or collateral attack on the validity of an order terminating parental rights must be brought within six months after the date the termination order was signed.   TEX. FAM. CODE ANN. § 161.211(a) (West 2008).   When an affidavit of relinquishment of parental rights is unrevoked, section 161.211(c) limits the scope of a direct or collateral attack of an order terminating parental rights to issues of fraud, duress, or coercion in the execution of the affidavit.   *Id.* § 161.211(c).   Together, subsections (a) and (c) read as follows:

> (a) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.
>
> . . . .
>
> (c) A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit.

5

*Id.* § 161.211(a),(c).[7]

Family Code section 161.103 contains the requirement that an affidavit of voluntary relinquishment of parental rights be witnessed by two credible persons. *Id.* § 161.103(a)(2) (West 2008). The requirement is contained in a list of several requirements:

(a) An affidavit for voluntary relinquishment of parental rights must be:

(1) signed after the birth of the child, but not before 48 hours after the birth of the child, by the parent, whether or not a minor, whose parental rights are to be relinquished;

(2) witnessed by two credible persons; and

(3) verified before a person authorized to take oaths.

*Id.* § 161.103(a).

The Third Court of Appeals recently addressed arguments analogous to Lerma's arguments in this appeal. *See Moore v. Brown*, 408 S.W.3d 423, 438 (Tex. App.—Austin 2013, pet. denied). In *Moore*, the biological parents of an adopted child sought, via bill of review, to set aside the order terminating their parental rights and the adoption of their biological child because their affidavits of relinquishment of the child were executed within forty-eight hours of the child's birth. *See id.* at 430. This violated section 161.103(a)(1), quoted above, which provides a forty-eight-hour waiting period between the birth of a child and a parent's execution of a voluntary-relinquishment

---

[7] We note that subsection (b) is not at issue in this case as it concerns the six-month period for challenging "the validity of an order terminating the parental rights *of a person who is served by citation by publication.*" *See* TEX. FAM. CODE ANN. § 161.211(b) (West 2008) (emphasis added).

affidavit. *See id.* at 433 (citing TEX. FAM. CODE ANN. § 161.103(a)(1)). The Moores argued that noncompliance with the forty-eight-hour requirement rendered their relinquishment affidavits void and that this "voidness" rendered section 161.211(a) and (c) inapplicable. *Id.* at 434–35. In other words, the Moores argued subsection (a)'s six-month time limit and subsection (c)'s substantive limitations ("fraud, duress, or coercion") were inapplicable to their petition for bill of review because their relinquishment affidavits were void for failure to satisfy section 161.103(a)(2). *Id.* at 435.

The Third Court of Appeals rejected this construction of the statutes. First, the *Moore* Court observed that the text of both subsections (a) and (c) applies to both "direct" and "collateral" attacks of a termination order, without limitation or qualification. *Id.* (discussing TEX. FAM. CODE ANN. § 161.211(a),(c)). Because collateral attacks are permitted solely to challenge the trial court's jurisdiction, the Legislature's unqualified use of "direct" and "collateral" attacks shows subsections (a) and (c) "have sweeping, all-encompassing breadth, applying to complaints of everything from procedural errors to jurisdictional defects." *Id.*

Turning to the text of subsection (a), specifically, the *Moore* Court observed that it bars any 'collateral or direct attack' on the 'validity of an order terminating the parental rights of a person . . . who has executed an affidavit of relinquishment of parental rights' 'after the sixth month after the date the order was signed.' *Id.* at 436 (applying TEX. FAM. CODE ANN. § 161.211(a)). The *Moore* Court held that the Moores' bill-of-review suit was a "collateral or direct attack" that plainly was subject to the time limit set forth in subsection (a). *Id.* In doing so, the *Moore* Court rejected the Moores' argument that they had not

7

executed valid affidavits of relinquishment of parental rights and it gave two reasons for doing so. First, while the Moores insisted that subsection (a)'s use of "person . . . who has executed an affidavit of relinquishment" meant only an affidavit that complies with each requirement of section 161.103(a), the text of the statute does not say this. *Id.* Second, the *Moore* Court reasoned that the termination order resolved the question of whether the affidavits satisfied the section 161.103(a) requirements and that resolution was binding on the Moores unless and until the Moores could successfully appeal that order. *Id.* Because the Moores filed their bill-of-review petition more than six months after the termination order was signed, the petition was time-barred under section 161.211(a). *Id.*

Turning to the text of subsection (c), the *Moore* Court concluded the Moores' suit was also substantively barred—even if the bill-of-review suit had been filed within six months, a termination order cannot be challenged for lack of compliance with the forty-eight-hour waiting period found in section 161.103(a)(1). *Id.* at 436–37. The text of subsection (c) limits a 'direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights . . . to issues relating to fraud, duress, or coercion in the execution of the affidavit.' *Id.* (quoting TEX. FAM. CODE ANN. § 161.211(c)). Issues related to "fraud, duress, or coercion" concern the voluntariness of the affidavit and subsection 161.211(c) "proscribes challenges based solely on the complaint that the affidavit violated one of section 161.103's requirements." *Id.* at 438. While the section 161.103 requirements perhaps serve as "prophylactic safeguards calculated to ensure the voluntariness of execution" of the affidavit, the

requirements are also "somewhat formalistic and technical in nature." *Id.* at 438. The *Moore* Court thus concluded subsection (c) barred the Moores' attempt to set aside the termination order for noncompliance with the forty-eight hour waiting period contained in section 161.103(a)(1). *Id.*

The reasoning of *Moore* applies with equal force to this case. Lerma's suit is a "collateral or direct attack" on the order terminating her parental rights. *See* TEX. FAM. CODE ANN. § 161.211(a). Under section 161.211(a), Lerma was required to bring her challenge within six months of the signing of the termination order. *See id.*; *see also Moore*, 408 S.W.3d at 436. She waited at least four years to file her petition for bill of review and as a result, her action is time-barred. Moreover, under subsection 161.211(c), a complaint based solely on noncompliance with a single section 161.103 requirement—in this case two credible witnesses to the affidavit—is proscribed. *See* TEX. FAM. CODE ANN. § 161.211(c); *Moore* 408 S.W.3d at 438. We overrule Lerma's second and third issues on appeal.[8] Because these issues are dispositive, we need not reach Lerma's first issue.[9] *See* TEX. R. APP. P. 47.1.

---

[8] We need not address Lerma's challenge to the adoption separately from her attempted challenge to the order terminating her parental rights. A birth parent whose parental rights are terminated only has standing to challenge the child's subsequent adoption by bill of review in the event that the termination order is first set aside. *See Moore v. Brown*, 408 S.W.3d 423, 431 & 439 (Tex. App.—Austin 2013, pet. denied) (citing *Durham v. Barrow*, 600 S.W.2d 756, 761 (Tex. 1980)).

[9] Although Lerma's statement of her first issue suggests a complaint pertaining to the proper procedure and requirements for obtaining relief by bill of review, her briefing under issue one does not address that issue. The issue has been waived. *See* TEX. R. APP. P. 38.1(i). Instead, Lerma's briefing under issue one overlaps with her briefing of her second and third issues.

We express no opinion on whether the six-month time limit in Family Code section 161.211(a) may operate as a waivable affirmative defense because that question is not presented in this case. *See* TEX. FAM. CODE ANN. § 161.211(a); *In re Bullock*, 146 S.W.3d 783, 790–91 (Tex. App.—Beaumont 2004, orig. proceeding) (holding six-month time limit is a waivable affirmative defense); *see also In re M.Y.W.*, No. 14-06-00185-CV, 2006 WL 3360482, at *2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, pet. denied)

## V. CONCLUSION

We affirm the trial court's order granting the Garzas' plea to the jurisdiction.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of December, 2013.

---

(mem. op.) (following *In re Bullock*).